**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| **ROBERT V. DANIELS and CONNIE DANIELS**, husband and wife; and **DONALD R. SMITH and KATHY SMITH**, husband and wife; | ) ) ) ) |
| | ) Cause No. CV-86-45-BU-RFC |
| **Plaintiffs,** | ) ) |
| | ) **ORDER** |
| vs. | ) ) |
| **THE ANACONDA MINERALS COMPANY and THE ATLANTIC RICHFIELD COMPANY,** | ) ) ) ) |
| **Defendants.** | ) ) |

The Court has been asked to determine whether Plaintiff-Intervenors may call U.S. Magistrate Jeremiah Lynch, the mediator who assisted the original parties in settling this case eighteen years ago, as a fact witness in the upcoming hearing to determine the scope of a release in the settlement agreement.  ARCO contends that his testimony is privileged pursuant to Mont. Code. Ann. § 26-1-813(3).  Although it seems unfair that ARCO can invoke an ambiguous release at the same time it prevents the Court from hearing testimony, from an impartial source, that is likely to

shed light on the release, the Court's hands are tied by the plain language of the statute.

> Section 26-1-813 provides in relevant part:
>
> (4) Except as provided in subsection (5), the parties to the mediation and a mediator are not subject to subpoena by any court or administrative agency and may not be examined in any action as to any communication made during the course of the mediation proceeding without the consent of the parties to the mediation and the mediator.
>
> (5) The confidentiality and privilege provisions of this section do not apply to information revealed in a mediation if disclosure is:
>
>> (a) required by any statute;
>>
>> (b) agreed to by the parties and the mediator in writing, whether prior to, during, or subsequent to the mediation; or
>>
>> (c) necessary to establish a claim or defense on behalf of the mediator in a controversy between a party to the mediation and the mediator.

Pursuant to the statute's plain language, Magistrate Judge Lynch may "not be examined in any action as to any communication made during the course of the mediation proceeding without the consent of the parties to the mediation and the mediator." While the Court presumes Magistrate Judge Lynch has agreed to testify, ARCO obviously has not consented.

Moreover, none of the enumerated exceptions apply. Intervenors ask the Court to create an exception to the mediation privilege where evidence of

2

communications made during mediation is necessary to ascertain the scope of the settlement, but the general rule is that if a statute lists specific exceptions, there are no other exceptions. *Linton v. City of Great Falls,* 749 P.2d 55, 59 (Mont 1988).

Plaintiff-Intervenors also argue that since § 26-1-813 was not enacted until years after the mediation, to apply it now would be to apply it retroactively, which is unlawful because it does not expressly state it should apply retroactively. Mont. Code Ann. § 1-2-09. But applying § 26-1-813 to preclude Magistrate Judge Lynch from testifying at a present-day hearing is not applying the statute retroactively. *See Dyer v. Blackhawk Leather, LLC*, 758 N.W.2d. 167, 176 (Wis.Ct.App. 2008).

Accordingly, the Court has no choice but to exclude Magistrate Judge Lynch's testimony.

**SO ORDERED.**

Dated this 5th day of November, 2010.

*/s/ Richard F. Cebull*_____
Richard F. Cebull
United States District Judge